Dear Senator Webster:
This letter is in answer to your opinion request of recent date reading as follows:
 Does a Missouri county recorder of deeds face any criminal liability pursuant to Section 451.060 RSMo 1978 for failing to insist that the certificates required by Section 451.050 RSMo 1978 be presented as a condition precedent to issuance of a marriage license even though Section 451.050 has been repealed?
Senate Bill No. 532 of the 80th General Assembly reads as follows:
 AN ACT To repeal section 451.050, RSMo 1978, relating to serological syphilis testing as a requirement for obtaining a marriage license.
 Be it enacted by the General Assembly of the State of Missouri, as follows:
Section 1. Section 451.050, RSMo 1978 is repealed.
Such bill was approved by the Governor June 17, 1980.
Under provisions of Section 29 of Article III of the Constitution of Missouri Section 451.050, RSMo 1978, is repealed as of August 13, 1980. Since that section is repealed as of August 13, 1980, it becomes as of that date nonexistent, of no validity and in contemplation of law it is as if Section 451.050, RSMo 1978 had never existed. It is a complete and absolute nullity.
Section 451.060, RSMo provides as follows:
 Any recorder of deeds who shall unlawfully issue a license to marry to any person who fails to present and file the certificates provided for in section 451.050; or any physician who shall knowingly and willfully make any false statement in such certificate; or any person applying for a license to marry who shall knowingly and willfully make any false statement in or concerning the said certificates; or any person making the laboratory tests who shall knowingly and willfully make any false statement in the laboratory report; or any person or persons having knowledge of any matter relating to or pertaining to the examination who shall disclose the same, or any portion thereof, upon conviction thereof shall be deemed guilty of a misdemeanor and punished as such.
The provisions of Section 451.060 relating to "the certificates provided for in Section 451.050" are a complete and absolute nullity inasmuch as there is no Section 451.050, RSMo in existence as of August 13, 1980. It follows therefore that any provision in such section relating to any recorder who shall unlawfully issue a license to marry a person who fails to present and file the certificates provided for in Section 451.050 is meaningless. As a matter of law there can be no violation provided relating to lack of certificates provided for in Section 451.050 as of August 13, 1980, because there is no such section in legal existence as of that date.
It is therefore our view that, as of August 13, 1980, recorders of deeds have no authority or duty to require that persons applying for marriage licenses present and file the certificates provided for in Section 451.050, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General